United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO VALERIANO-DELACRUZ,<br>Plaintiff,<br>v.<br>PAUL BRAZELTON, et al.,<br>Defendants. | Case No. 26-cv-02700-RS (PR)<br><br>**ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff alleges that supervisory employees of the California Department of Corrections and Rehabilitation were deliberately indifferent to his serious medical needs. His 42 U.S.C. § 1983 complaint containing these allegations is now before the Court for review pursuant to 28 U.S.C. §§ 1915 and 1915A(a).

Plaintiff has not stated any claim for relief. He has not provided specific facts connecting any defendant to any wrong. Also, supervisory defendants cannot be held liable simply for being supervisors. Furthermore, the claims against the Pleasant Valley State Prison defendants must be heard in the Eastern District, not here. Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before **October 1, 2026**. The amended complaint must comply with the instructions in this order. Failure to file a proper amended complaint by October 1, 2026 will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without further notice to plaintiff.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

Plaintiff alleges that from 2014 to 2018 (and to the present time) various supervisory CDCR officials have been deliberately indifferent to his serious medical needs. (Compl., Dkt. No. 1 at 17.) The named defendants are Paul Brazelton, the Warden of CTF-Soledad; Michele D. Tomas, Chief Medical Officer at CTF; Craig Koenig, the Warden of Pleasant Valley State Prison; and I. Igbinoso, Chief Medical Officer at Pleasant

United States District Court
Northern District of California

Valley. He alleges in a conclusory fashion that they, as supervisors, are responsible for the creation, promulgation, and implementation of medical policies, and are, in general, responsible for ensuring that each prisoner receives proper medical care. (*Id.* at 12.) He further alleges that defendants have failed to provide him with proper medical equipment to self-catheterize, delayed providing medical treatment and ordering tests, and failed to provide medications. (*Id.* at 17.)

Such allegations are insufficient to state any claim for relief and consequently the complaint is DISMISSED with leave to amend. In his amended complaint, plaintiff must allege specific facts tying a specific person to the exact wrong. Conclusory allegations that persons have not been responsible are not sufficient. "A person deprives another 'of a constitutional right,' within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry into causation is individualized and focuses on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.* Defendants cannot be held liable for a constitutional violation under 42 U.S.C. § 1983 unless they were integral participants in the unlawful conduct. *Keates v. Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018). Absent any details linking the injury to the defendant, the mere fact that the injury occurred at some time after the defendant's challenged action does not establish causation. *See Daniel v. Nat'l Park Service*, 891 F.3d 762, 767 (9th Cir. 2018).

Plaintiff may wish to focus on the immediate persons he asked for specific help and who denied it to him, on what date, at what institution, etc., rather than raise claims against supervisors who were not directly and immediately involved in his care. Supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the

supervisors' personal involvement in a constitutional wrong. *Iqbal*, 556 U.S. at 675-82.

Also, his claims against the Pleasant Valley defendants, Koenig and Igbinoso, are DISMISSED without prejudice to plaintiff raising claims against them in the appropriate venue. Pleasant Valley State Prison lies in the Eastern District of California and it is in that court that plaintiff must raise any claims against any person at Pleasant Valley. He may not raise such claims in his amended complaint for this action.

Plaintiff should be aware that many of his claims may be untimely. Section 1983 takes its limitations period from the forum state's statute of limitations for personal injury torts, *see Wilson v. Garcia*, 471 U.S. 261, 276 (1985), which, in California, is two years. *See* Cal. Civ. Proc. Code § 335.1; *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). This two-year statute of limitations period is tolled for two years if the plaintiff is a prisoner serving a term of less than life, thus giving such prisoners effectively four years to file a federal suit. *See* Cal. Civ. Proc. Code § 352.1(a). Even if plaintiff is entitled to a four-year limitations period, any claims based on events before 2022 (four years before he filed suit) would likely be untimely.

**CONCLUSION**

The complaint is DISMISSED with leave to file an amended complaint on or before **October 1, 2026**. The amended complaint must include the caption and civil case number used in this order (26-02700 RS (PR)) and the words FIRST AMENDED COMPLAINT must appear on the first page. The amended complaint must also appear on this Court's form, a copy of which will be sent to plaintiff. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from any prior complaint or document by reference. Failure to file a proper amended complaint by October 1, 2026 will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without further notice to plaintiff.

United States District Court
Northern District of California

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

**Dated:** August 19, 2026

RICHARD SEEBORG
United States District Judge